An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AMAZON.COM; AND SEDGWICK CMS,
Appellants,
vs.
CRISTI CESSNA,
Respondent.

No. 63675

**FILED**

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. First Judicial District Court, Carson City; James Todd Russell, Judge.

The appeals officer's decision concluding that appellants failed to properly serve respondent notice of their intent to close her workers' compensation claim is supported by substantial evidence. NRS 233B.135(3); *Nellis Motors v. State, Dep't of Motor Vehicles*, 124 Nev. 1263, 1269-70, 197 P.3d 1061, 1066 (2008) (explaining that this court reviews an agency's decision for substantial evidence and will not reweigh the evidence, reassess witness credibility, or substitute our judgment for that of the appeals officer on questions of fact). Appellants admittedly sent the notice to respondent's home address, rather than to her separate mailing address, and the appeals officer found credible respondent's testimony that she did not receive the notice. Consequently, the notice of claim closure was ineffective, respondent's failure to timely challenge that decision was properly excused, and as no ruling has been rendered closing the claim, the claim remains open. *Holiday Inn Downtown v. Barnett*, 103 Nev. 60, 64, 732 P.2d 1376, 1379 (1987); *see also* NRS 616C.315(5) (excusing a claimant's failure to timely request a hearing when a preponderance of the evidence demonstrates that the claimant did not receive the insurer's determination); NRS 616C.235(1)(a) ("The closure of a

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11565

claim pursuant to this subsection is not effective unless notice is given as required by this subsection."); NRS 616C.235(1)(b) (providing that the insurer may close a claim only if the claimant does not timely contest the closure). Further, as the claim remains open, the appeals officer properly reversed the hearing officer's decisions in the concurrent administrative appeals denying transfer of care and medical expense reimbursement, and the appeals officer properly concluded that the reopening issue was moot.

Because the hearing officer improperly dismissed the administrative appeal as untimely and the appeals officer reversed without determining whether closure was warranted, the merits were not heard. In their reply brief, appellants ask that this court remand for a merits determination. Under NRS 616C.235(1)(a), however, appellants' failure to properly serve their notice of claim closure renders the closure ineffective. Accordingly, a merits determination with respect to that notice is not warranted, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.          _____, J.
Gibbons                                           Pickering


cc:    Hon. James Todd Russell, District Judge
       James Georgeson, Settlement Judge
       Guinasso Law, Ltd.
       Kinney & Levinson
       Carson City Clerk